**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:15-cv-81291-ROSENBERG/HOPKINS**

CHERRI E. ANDERSON,

    Plaintiff,

v.

AE OUTFITTERS RETAIL CO.,

    Defendant.
_____/

## ORDER DENYING, WITHOUT PREJUDICE, THE PARTIES' JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

**THIS CAUSE** is before the Court on the parties' Joint Motion to Approve Settlement Agreement and Release and Dismiss Case with Prejudice [DE 24]. The Court has carefully reviewed the Joint Motion and is otherwise fully advised in the premises. For the reasons set forth below, the Joint Motion [DE 24] is **DENIED** without prejudice.

The Court previously denied the parties' joint motion for *in camera* inspection of the parties' settlement agreement, finding this ran counter to the purposes of the FLSA. *See* DE 23. The Court allowed the parties to file a renewed motion for settlement approval, attaching the settlement agreement, and directed that any renewed motion should do the following:

> If the settlement agreement provides for the recovery of attorney's fees, explain how the fees were calculated and why the amount of the fees is reasonable. If the fees were calculated on an hourly basis, records of counsel's time should be attached.

*Id.* at 4 ¶(d). The settlement agreement submitted by the parties provides that Defendant will pay Plaintiff's counsel $3,375 in attorney's fees and $505.86 in costs. *See* DE 24-1 at 2 ¶ 5(c). However, Plaintiffs' counsel has not submitted any time records, and the parties' only explanation as to how the fees were calculated is as follows:

> The Parties represent that Plaintiff's attorneys' fees were agreed upon separately and without regard to the amount paid to Plaintiff. Plaintiff's counsel demanded an amount of fees and counsel for Defendant determined they were reasonable in light of the time spent by Defendant's counsel in defending the case through the date of the settlement.

DE 24 at 3 ¶ 11. This explanation is insufficient to allow the Court to review the fees for reasonableness. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions."); *Comstock v. Fla. Metal Recycling, LLC*, No. 08-81190-CIV, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009) ("In assessing the reasonableness of attorney's fees to be awarded following an FLSA settlement, courts use the lodestar method. . . . Thus, the plaintiff's attorney must provide the court with documentation showing the number of hours expended, as well as support for the claimed hourly rate.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Joint Motion to Approve Settlement Agreement and Release and Dismiss Case with Prejudice [DE 24] is **DENIED** without prejudice.

2. On or before **February 25, 2016**, the parties may file a renewed motion for settlement approval. **Failure to file a renewed motion by February 25, 2016 may result in the entry of a final order of dismissal without prejudice without further notice**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 11th day of February, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

2