# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-81291-ROSENBERG

CHERRI E. ANDERSON,

    ANDERSON,

v.

AE OUTFITTERS RETAIL CO.,

    AEO.

_____/

### SETTLEMENT AGREEMENT AND GENERAL RELEASE (modified)

ANDERSON, CHERRI E. ANDERSON (hereinafter referred to as "ANDERSON"), and AEO, AE OUTFITTERS RETAIL CO. (hereinafter referred to "AEO"), hereby agree upon this Settlement Agreement and General Release (hereinafter referred to as "Agreement") of all issues involved in the above-styled case as follows:

    1.    AEO refers not only to the AEO named in this lawsuit, AE Outfitters Retail Co., but includes AEO's predecessors and successors in interest, assignees, parent corporations, subsidiaries, affiliates, divisions, related companies and entities; AEO's past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, insurers, attorneys and representatives, in their individual and official capacities; and AEO's heirs and legal representatives.

    2.    ANDERSON and AEO will be collectively referred to as the Parties.

    3.    The Parties hereto recognize that AEO does not admit, but rather, specifically denies any liability to ANDERSON, or to anyone else as a result of or growing out of matters set forth by the ANDERSON in the complaint filed in <u>Anderson v. AE Outfitters Retail Co.</u>, Case

_CEA_
Anderson's Initials

No. 15-CV-81291-ROSENBERG. The Parties represent that the FLSA claims at issue were predicated on a bona fide dispute about time worked and did not constitute a compromise of substantive rights guaranteed under the FLSA. ANDERSON acknowledges this Agreement is in compromise of disputes between the Parties and it shall not be considered by ANDERSON or any third party as an admission of the truth or correctness of any of ANDERSON's claims.

4. ANDERSON represents and warrants that she does not know of any other persons who expressed a desire or intent to opt-into, or join, this action or file a similar claim against AEO, who has not already filed such a claim.

5. AEO agrees to pay, and ANDERSON and her attorneys agree to accept, the sum of SEVEN THOUSAND FIVE HUNDRED AND 00/00 ($7,500.00) as set forth and allocated below as good and valuable consideration:

    a. A check payable to ANDERSON in the sum of ONE THOUSAND EIGHT HUNDRED FOUR and 57/00 DOLLARS $1,804.57), less applicable taxes and withholdings, for unpaid overtime rate for which AEO will issue a W-2 form at the appropriate time;

    b. A check payable to ANDERSON in the sum of ONE THOUSAND EIGHT HUNDRED FOURTEEN and 57/00 DOLLARS $1,814.57) which includes $1,804.57 for liquidated damages and $10.00 as consideration for the general release for which AEO will issue an appropriate Form 1099 at the appropriate time; and

    c. A check payable to Vassallo, Bilotta, Friedman & Davis in the sum of THREE THOUSAND EIGHT HUNDRED EIGHTY and 86/00 DOLLARS ($3,880.86) for attorneys' fees and costs ($505.86 of that total represents costs) for which AEO shall issue an appropriate Form 1099 at the appropriate time.

*CEA*
Anderson's Initials

6. The settlement funds set forth in Paragraph 5 above shall be payable within twenty (20) days after the court enters an order approving this Agreement.

7. Upon receipt of the settlement funds, if not already dismissed by the Court, ANDERSON shall file a notice of dismissal with prejudice of Case No. 15-CV-81291-ROSENBERG.

8. ANDERSON agrees and acknowledges that this Agreement encompasses all claims raised in ANDERSON's complaint and charge and that payments of the sums as set forth above shall constitute effective and sufficient consideration, which receipt ANDERSON hereby acknowledges, for this Agreement. Further, ANDERSON agrees that the allocation or distribution of such payments, including as between ANDERSON and ANDERSON's counsel, are solely matters between and within the discretion of ANDERSON and ANDERSON's counsel and AEO shall have no responsibility or liability related thereto. Further, ANDERSON represents and warrants that the allocation of the settlement funds is a fair, accurate and reasonable allocation for the various claims released by ANDERSON herein.

9. In consideration thereof, ANDERSON hereby remises, acquits, releases, satisfies and discharges, on her own behalf, and on behalf of anyone who could claim by and through her including her attorneys, AEO, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, to, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which

ANDERSON, her heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees ever had or now have or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by ANDERSON in CASE NO. 15-CV-81291-ROSENBERG. The release by ANDERSON of AEO includes, but is not limited to:

    a.    Any and all claims for damages, salary, wages, compensation, bonuses, minimum wages under the FLSA and Florida's Minimum Wage Act, overtime compensation under the FLSA and Florida's Minimum Wage Act, monetary relief, employment, benefits, including but not limited to any claims for benefits under an employee benefit plan or any retirement plan, profit-sharing, capital stock, bonuses, merit and longevity increases, and all other benefits of all kind, earnings, back-pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made whole, injunctive and declaratory relief, interest, attorney's fees, and costs arising from ANDERSON's employment with AEO.

    b.    Any and all claims growing out of, resulting from, related to, or connected in any way to ANDERSON's employment, and the termination/separation thereof, with AEO, including but not limited to any and all claims for retaliation under the FLSA, retaliation claims, discrimination, harassment of any kind, unequal pay, whistleblowing, breach of contract, rescission, promises, claims under the Employee Retirement Income Security Act of 1974, as amended, torts of all kind, including but not limited to

misrepresentation, negligent or otherwise, fraud, defamation, libel, battery, assault, slander, intentional infliction of emotional distress, workers' compensation retaliation, interference with an advantageous business relationship, negligent hiring, negligent retention, discrimination, claims or rights under state and federal whistle-blower legislation, the Consolidated Omnibus Budget Reconciliation Act, the Family and Medical Leave Act, the Americans with Disabilities Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act of 1992, Chapter 760, Fla. Stats., and the Fair Labor Standards Act, as amended, Section 448.08, Florida Statutes, and any other claim of any kind.

c. A waiver by ANDERSON of any rights of action and any monetary relief available in any administrative proceedings to which ANDERSON might otherwise have available in the state and federal courts arising from ANDERSON's employment with AEO including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations.

10. AEO does hereby release, remise, and forever acquit ANDERSON from any and all claims, demands, actions, or causes of action of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, liquidated or contingent, and any consequences thereof, in tort or in contract related to its employment of ANDERSON and her job abandonment, from the beginning of time until the date of the execution of this Agreement.

11. As part of this Agreement and a result of the payments made to ANDERSON by AEO, ANDERSON agrees that ANDERSON has now been paid for all hours worked, minimum

wages, and overtime compensation while employed by AEO and agrees that AEO do not owe ANDERSON any other monies with regard to compensation associated for hours worked.

12. ~~ANDERSON agrees not to directly or indirectly, reveal, disclose, or cause to be revealed, the fact of and terms of this Agreement, including the amount of this settlement to anyone except her attorneys or accountants. This prohibition from disclosure includes any former or current employees of AEO and the press and media. However, this prohibition does not preclude any disclosure compelled by force of law. ANDERSON agrees that if she finds it necessary to disclose the existence or terms of this Agreement to her accountant or attorney she will advise such person(s) that they are under an obligation to maintain the confidentiality of such information. ANDERSON agrees that disclosure to third parties of the existence or terms of this Agreement shall constitute a breach of this Agreement entitling AEO to actual damages for each breach. ANDERSON also agrees that nothing in this paragraph is intended to limit AEO's right to obtain injunctive and other relief as may be appropriate.~~

13. As part of this Agreement, ANDERSON specifically waives any present and future claim for reinstatement or employment with AEO at any time in the future. The Parties hereto specifically recognize that substantial questions of fact and law exist as to any possible claim or claims (legal, equitable or otherwise) by ANDERSON and therefore, as part of this Agreement, ANDERSON further specifically agrees, as a condition of ANDERSON's receipt and retention of the sums provided for herein, not to seek employment with AEO at any time in the future. AEO is under no obligation or duty to consider ANDERSON for employment in the future.

14. ANDERSON further covenants and agrees that she will hold harmless and indemnify AEO against any claim for taxes and penalties or interest, and attorneys' fees and

Page 6 of 12

_CEA_
Anderson's Initials

costs expended by AEO in any action against ANDERSON necessary for indemnification of such taxes, penalties or interest. ANDERSON acknowledges that AEO have made no representation regarding the taxability of the settlement funds.

15. ANDERSON agrees not to disparage AEO. Disparage as used herein shall mean any electronic, written or verbal communication: (a) of false information; (b) or the communication of information with reckless disregard to its truth or falsity; (c) or the communication of information relating to AEO, its products/services, or their employees which is critical, derogatory, or which may tend to injure the business of AEO.

16. AEO will provide ANDERSON with a neutral employment reference via The Work Number. The Work Number is a third party automated employment verification system. The Work Number can be accessed at www.theworknumber.com or by calling 1-800-367-5690. The Employer Code for American Eagle Outfitters is 11849.

17. This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. However, if this Agreement is found not to have resolved all of ANDERSON's wage claims because it was not approved by the DOL or the Court in accordance with the requirements of Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350 (11th Cir. 1982) this Agreement shall be null and void and AEO shall be entitled to the return of any sums paid by AEO to ANDERSON.

18. ANDERSON acknowledges that ANDERSON has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

Page 7 of 12

_CEA_
Anderson's Initials

19. It is further understood and agreed that the total sum of $7,500.00 paid as set forth above, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final release effected thereby. ANDERSON hereby represents and warrants that she has entered into this Agreement of her own free will and accord and in accordance with ANDERSON's own judgment, and after consultation with ANDERSON's attorneys. ANDERSON hereby states that ANDERSON and ANDERSON's counsel have made a full and independent investigation of all the facts and representations relating to this agreement and release and therefore state that ANDERSON has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of AEO, or on the part of AEO' agents, attorneys, servants, employees or representatives other than those specifically set out herein. ANDERSON specifically states that ANDERSON is executing this Agreement knowingly and voluntarily.

20. The Parties hereto acknowledge that this Agreement is enforceable in the state or federal courts of Florida.

21. It is further agreed that each party shall bear her or its own costs and attorneys' fees, other than what is expressly set forth herein, incurred in the above-entitled suit and in handling the matters covered by this Settlement Agreement.

22. This Agreement is entered into freely and voluntarily by the Parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner.

23. ANDERSON understands and agrees that she would not receive the monies and/or benefits specified above, except for their execution of this Agreement and the fulfillment of the promises contained herein.

Page 8 of 12

*CEA*
Anderson's Initials

24. For the purpose of implementing a full and complete release, the Parties expressly acknowledge that the releases they give in this Agreement are intended to include in their effect, without limitation, claims that they did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.

25. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

26. This Agreement cannot be modified, altered or changed except by a writing signed by the Parties wherein specific reference is made to this Agreement.

27. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

28. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The Parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

29. This Agreement may be signed in counterparts that together shall be deemed to comprise a single and complete Agreement, and the parties agree that a facsimile, photocopy, or scanned image of a signature to this document shall be admissible in any judicial, administrative,

Page 9 of 12

_CEA_
Anderson's Initials

or other proceeding related to this Agreement with the same weight and binding effect as an original.

[Rest of page intentionally left blank – signature commence on next page]

*CEA*
Anderson's Initials

Agreed and Accepted by Plaintiff on this \_\_11th\_\_ day of January, 2016 in witness of:

Witnesses:

_signature_
_Cathy Weaver_

_signature_
CHERRI E. ANDERSON

Agreed and Accepted by Defendant on this 20TH day of January, 2016 in witness of:

**AE OUTFITTERS RETAIL CO.**

**Witnesses:**

*[signatures]*

By: *[signature]*

Title: *VP Human Resources*

WSACTIVELLP:8179782.1

Page 12 of 12

*[initials]*
Anderson's Initials